*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-198

SEPTEMBER TERM, 2012

| | |
|---|---|
| In re N.L. and K.S., Juveniles | APPEALED FROM: |
| | |
| | Superior Court, Franklin Unit, |
| | Family Division |
| | |
| | DOCKET NO. 24/25-3-11 Frjv |
| | |
| | Trial Judge: Linda Levitt |

In the above-entitled cause, the Clerk will enter:

Mother appeals termination of her parental rights to her two children, N.L., born in March 2007, and K.S., born in January 2011. Mother argues that the court's finding that mother chose drugs over her children is erroneous and ignores the nature of drug addiction. Mother also contends that the court erred in concluding she would not be able to resume parenting within a reasonable period of time. We affirm.

The Department for Children and Families (DCF) first became aware of mother in 2007 after receiving reports regarding mother's drug use, homelessness, and neglect of her children. After K.S.'s birth, DCF was contacted by Fletcher Allen Hospital with a report that mother, who was on drugs, had given birth to a baby girl, was on drugs and wanted to leave the hospital against medical advice. DCF began working with mother after that time. In February 2011, after K.S.'s birth, mother became overwhelmed caring for two children. She was using drugs and refused to enter a treatment program. She began to miss appointments with treatment providers, DCF, and K.S.'s doctor. Due to mother's drug use and inability to care for the two children, in April 2011, after DCF filed a petition, all parties stipulated that N.L. and K.S. were children in need of care or supervision (CHINS). N.L. was initially placed with her maternal aunt and then subsequently into foster care with mother's aunt and her partner, where she has remained. K.S. was placed with her paternal grandparents where she had primarily resided since she was two months old. Initially, DCF's goal was adoption for K.S.; it proposed concurrent goals of reunification or adoption for N.L. These initial goals were not approved by court order because mother and K.S.'s father were not present at the initial disposition hearing because they had been arrested for stealing to support their drug habits.

At the continued initial disposition, DCF sought termination of parental rights as to both children. The court held a contested hearing in January and March 2012. Based on the evidence the court found that mother had made no progress to address the goals in the case plan. Although mother had participated in several drug addiction treatment programs, she was unable to complete multiple programs, and she relapsed repeatedly. She had not addressed her mental

health problems or early trauma. The court found that when mother visited K.S. at the beginning of the child's placement with her grandmother, mother would do other tasks and did not take an interest in caring for K.S. Mother did not visit with K.S. from mid-July to December 2011, and had only two visits from December to the time of the final order in May 2012. Mother's visits with N.L. were sporadic, and she made only three out of thirteen possible phone calls to the child in July 2011. Visits with N.L. stopped in August 2011 because mother did not set them up.

In assessing the best-interests factors, the court first concluded that mother did not have a close relationship with either child because using drugs was her priority rather than caring for her children. Mother never developed a relationship with K.S., who was placed with her grandparents as an infant, and N.L. did not want to speak with mother on the phone because, as the court found, when she spoke with her mother "her behavior regressed as she relived her past life of homelessness, drugs, neglect and abuse."

With respect to the second factor, the court found that the children were thriving in their new environments. K.S. is bonded to her grandparents and they provide her with love, comfort and stability. They wish to adopt her. Upon coming into DCF custody, N.L. was very disturbed and defiant. She had nightmares, temper tantrums and was very fearful. She is now much healthier and making progress in dealing with the trauma that she had experienced in mother's care. N.L. has a close relationship with her foster parents and they would like to adopt her.

The court found it was unlikely that mother would ever be able to parent her children, much less do so in a reasonable period of time, given her drug addiction issues. The court observed that mother's drug addiction had been severe and ongoing for a long time, and had led her to violence, instability and crime with drug addicted boyfriends at the expense of the children. Other factors also made parenting within a reasonable time unlikely, including mother's unaddressed mental-health problems, lack of housing and the challenge of learning how to parent in a nurturing manner. Given these challenges, the court concluded that mother was not likely to be in a position to resume parenting within a reasonable time.

Finally, the court found mother did not play a constructive role in the children's lives, having subjected them to poverty, homelessness, neglect, violence, instability and drugs. In light of these factors, the court concluded that termination of mother's parental rights was in the children's best interests.[*]

Mother appeals. She argues that the court's finding that she chose drugs over her children is clearly erroneous and ignores the nature of drug addiction. Mother also contends that the court erred in concluding that she could not resume parenting within a reasonable period of time.

The family court may terminate parental rights at the initial disposition proceeding if the court finds by clear and convincing evidence that termination is in the child's best interests. In re

---

[*] N.L. and K.S. have different fathers. K.S.'s father voluntarily relinquished his parental rights prior to the termination hearing. Following the contested hearing in this case, the court terminated the parental rights of N.L.'s father, who has not appealed that order.

J.T., 166 Vt. 173, 177, 179 (1997). In assessing the child's best interests, the court must consider the statutory criteria. 33 V.S.A. § 5114. The most important factor is whether the parent will be able to resume parenting duties within a reasonable period of time. In re J.B., 167 Vt. 637, 639 (1998) (mem.). The reasonableness of the time period is measured from the child's perspective. In re B.M., 165 Vt. 331, 337 (1996). On appeal, we will uphold the family court's conclusions if supported by the findings and affirm the findings unless clearly erroneous. In re A.F., 160 Vt. 175, 178 (1993).

We first address mother's argument that the court misapprehended the nature of mother's drug addiction and that this error resulted in incorrect findings. Mother argues that there is no evidence that she chose drugs over her children; she did attempt to complete a treatment program, but struggled unsuccessfully to remain drug-free. According to mother, drug addiction is understood by modern science as a medical disease rather than a social problem and therefore the court erred in making a moral judgment about mother's choices.

We disagree that the court made a moral judgment regarding mother. The court's finding that mother chose drugs over caring for her children is not an assessment of mother's deliberate choice or moral culpability, but, rather, reflected the court's observation of the results of mother's addiction and its impact on her parenting. Whatever the underlying reason—whether the product of conscious choice or of a disease process beyond mother's control—the undisputed fact is that mother's addiction persisted and significantly inhibited her ability to parent her children. It led her to do things—from committing crimes to support her addiction to failing to adhere to her schedule of visits—that were counter to the children's best interests. This negative impact on the children of mother's drug abuse was relevant to the court's decision, and the evidence strongly supports the court's findings that mother's drug abuse had a negative and traumatic impact on the children.

Mother next argues that the evidence does not support the court's conclusion that she would be unable to parent in a reasonable period of time. Mother misconstrues the court's order as stating that no addict could resume parenting within a reasonable period of time, much less mother. The court did not presume that because mother was an addict, she would be unable to parent. The court properly conducted an individualized determination and based its decision on the evidence presented concerning mother's individual capability to parent N.L. and K.S. in a reasonable period of time. The court found that mother's addiction had "led her to violence, instability and crime with drug addicted boyfriends and at the expense of her children." The evidence supports these findings.

The court further found that through the year between the initial CHINS finding and the TPR hearing, mother repeatedly failed to complete drug treatment programs, or relapsed afterward. Given this track record, the court's conclusion that mother was not likely to conquer her drug addiction within a reasonable time was amply supported by its findings which were, in turn, supported by sufficient evidence in the record.

In addition, aside from failing to successfully treat her drug addiction, the court found mother had other issues that precluded her from resuming her parental role in a reasonable time, including unresolved mental health issues and the need to learn how to be a loving and nurturing

3

parent. Given the children's young age, especially K.S., and the length of time in custody, it was not an abuse of discretion for the court to conclude that mother would not be able to reach these goals within a reasonable period of time. See In re J.L., 2007 VT 32, ¶ 9, 181 Vt. 615 (mem.) (noting that reasonable period of time is measured from the child's perspective and taking account of child's age and time in custody).

      Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice